IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PACIFIC SCIENTIFIC ENERGETIC
MATERIALS COMPANY (ARIZONA) LLC, et al.,

            Plaintiffs,

v.                                        NO. CV-10-02252-PHX-JRG

ENSIGN-BICKFORD AEROSPACE &
DEFENSE COMPANY,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Defendant's Motion for Leave to File Amended Answer and Counterclaim [Docket 103]. For the reasons discussed below, this motion is **GRANTED**.

The plaintiffs, Pacific Scientific Energetic Materials Company (Arizona) LLC and Pacific Scientific Energetic Materials Company (California) LLC, filed their complaint on October 21, 2010. The plaintiffs' complaint seeks declarations of invalidity and non-infringement of three of the defendant's patents and brings an intentional interference with a contract claim. After the court denied the defendant's motion to dismiss, the defendant answered on October 7, 2011. The Scheduling Order, entered on May 16, 2011, issued a deadline of June 23, 2011, for the amendment of pleadings and joinder of parties.[1] In its December 14, 2011 order, the court declined to construe the defendant's answer to include a counterclaim and ordered the defendant to file a motion seeking leave to file an amended answer and add a

---

[1] Pursuant to the court's December 14, 2011, the Scheduling Order has been cancelled.

counterclaim or the counterclaim would be deemed waived. Pursuant to the court's order, the defendant filed the instant motion on December 28, 2011.

This motion highlights the interplay among the Federal Rules of Civil Procedure, patent law, and the Declaratory Judgment Act. I first consider the applicable law and then explain how it works together. After careful consideration, I **GRANT** the defendant's motion for leave to file an amended answer and counterclaim.

### I. Applicable Law

#### a. Rule 15

The amendment of pleadings is governed by Federal Rule of Civil Procedure 15. It states that after the time for amendment as a matter of course has passed, "a party may amend the pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(3). The Ninth Circuit has instructed that Rule 15 should be applied "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Leave should be given absent reasons such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of the amendment. *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Prejudice to the opposing party is the most important factor. *Id.*

#### b. Rule 16

In this case, the motion for leave to file a counterclaim was filed after the deadline set in the original scheduling order to amend the pleadings. Therefore, Rule 16(b)(4) also applies, which states: "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the

party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Moreover, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

    *c. Rule 13(a)*

Under Rule 13(a), an infringement counterclaim to a declaratory judgment action for non-infringement is compulsory. *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003). If the counterclaim is not asserted, it is waived and the defendant is barred from bringing that claim in future litigation. *Id.* "[T]he court normally will be more willing to grant leave to amend when a Rule 13(a) counterclaim is involved than when a Rule 13(b) counterclaim is at stake." 6 CHARLES ALAN WRIGHT & ARTHUR P. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1430 (3d ed. 2010). The Federal Circuit has stated that because a counterclaim for patent infringement is compulsory and if it is not made, it is waived, "[s]uch a counterclaim ordinarily should not be refused entry." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999).

    *d. Rule 11*

The defendant asserts that it has waited until now to seek leave from the court to file a counterclaim because doing so earlier would have violated Federal Rule of Civil Procedure 11. Rule 11 provides:

> By presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

FED. R. CIV. P. 11(b).  If the court determines that a party violated Rule 11, it can impose sanctions.  FED. R. CIV. P. 11(c).  Regional circuit law applies to determine whether Rule 11 sanctions are appropriate.  *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1299 (Fed. Cir. 2004).  In the Ninth Circuit, a pleading is subject to sanctions under Rule 11 if: (1) it is legally or factually baseless from an objective perspective, *and* (2) the attorney has not conducted a reasonable and competent inquiry before signing and filing it.  *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).  Although regional circuit law applies, the Federal Circuit has outlined the requirements of Rule 11 in the patent context.  As a general matter, the Federal Circuit has stated:

> Before filing counterclaims of patent infringement, Rule 11, we think, must be interpreted to require the law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted.  The presence of an infringement analysis plays the key role in determining the reasonableness of the pre-filing inquiry made in a patent infringement case under Rule 11.

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (2000) (upholding a Central District of California district court judge's imposition of Rule 11 sanctions).

However, less than two months later, the Federal Circuit issued another decision upholding the district court's denial of sanctions under Rule 11 where the patent holder did not perform the analysis described by the court in *View Engineering*.  *Hoffmann-La Roche, Inc. v. Invamed, Inc.*, 213 F.3d 1359 (Fed. Cir. 2000).  In *Hoffmann-La Roche*, the plaintiffs, a drug manufacturer and a distributor, sued the defendants, generic drug manufacturers who filed with the Food and Drug Administration Abbreviated New Drug Applications to market in the United States a generic form of the drug produced and distributed by the plaintiffs.  *Id.* at 1361.

Specifically, the plaintiffs alleged that the defendants used a process that infringed the plaintiff manufacturer's patents.  The plaintiffs explained in their complaint that they asked the defendants for information regarding their processes but such information was not provided.  *Id.*  The defendants disclosed samples of the drug, but the plaintiffs could not determine the process for making the tablets through reverse engineering.  *Id.* at 1361-62.  After filing suit, one of the defendants gave the plaintiffs information regarding its process.  The plaintiffs determined that it did not infringe its patents and voluntarily dismissed the suit.  *Id.* at 1362.  The defendant then asked the court to sanction the plaintiffs for violation of Rule 11.  *Id.*

In *Hoffmann-La Roche*, the Federal Circuit explained that the purpose of Rule 11 is to deter baseless filings in the district court and streamline the administration and procedure of the federal courts.  *Id.* at 1363.  The court noted that the plaintiffs attempted to determine whether the defendants' processes infringed their patents, but could not do so because the defendants had a confidentiality agreement with the manufacturer.  *Id.*  The plaintiffs were also unable to reverse engineer the product to determine the process.  *Id.* at 1364.  The court explained that determining whether Rule 11 has been satisfied is fact specific.  *Id.* at 1365.  Accordingly, the Federal Circuit held that the district court did not abuse its discretion in holding that the plaintiffs' "initial claim of infringement was not unreasonable in light of the available information at the time of filing." *Id.* at 1365.

     e. *The Declaratory Judgment Act and the Case or Controversy Requirement*

In 2007, the U.S. Supreme Court clarified the case or controversy requirement for suits filed pursuant to the Declaratory Judgment Act.  *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118 (2007).  The Court recognized that there is no bright line in determining whether declaratory judgment actions satisfy the case or controversy requirement.  Rather, "the question in each case

5

is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 127.  Prior to *MedImmune*, the Federal Circuit applied a two-part test, holding that the plaintiff had to show two things to demonstrate an actual case or controversy: (1) an action by the patentee creating the reasonable apprehension of an infringement suit, and (2) present activity by the plaintiff that could constitute infringement or steps taken with the intent to infringe.  *Streck, Inc. v. Research & Diagnostic Sys.*, 665 F.3d 1269, 1282 (Fed. Cir. 2012) (citing *Gen-Probe, Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1380 (Fed. Cir. 2004)).

**II.     Analysis**

The interplay of Rule 13, Rule 15, Rule 16, Rule 11, and the case or controversy requirement under the Declaratory Judgment Act allows for procedural maneuvering that can overshadow the merits of a suit.  This is particularly true in a case such as this where the potentially infringing products are not easily accessible to the patent holder.  If a patent holder is concerned that its patents are being infringed, it can initiate discussion with alleged infringers, and the patent holder may suggest that the other party enter into a licensing agreement.[2]  In doing so, however, the patent holder opens the door to a declaratory judgment action "to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights."  *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1316 (Fed. Cir. 2011) (quoting *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008)).

Assuming there is a "substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," the claim for a declaration of non-infringement can be maintained in federal court.  *MedImmune, Inc.*, 549

---

[2] Of course, Rule 11 does not apply to pre-suit communications between the parties.

U.S. at 127. Then, under Rule 13(a) the defendant must assert a counterclaim for infringement or the defendant is precluded from doing so in future litigation. For example, if the defendant fails to assert an infringement counterclaim, and the jury finds that the plaintiff's product infringes the defendant's patent, thus denying the plaintiff's request for a declaration of noninfringement, the defendant cannot obtain damages or injunctive relief in that suit or a later-filed suit. *See Polymer Indus. Prods. Co.,* 347 F.3d at 936-39.

Nonetheless, the defendant's ability to assert a counterclaim is restricted by Rule 11. The Federal Circuit applies regional circuit law to determine whether a pleading is sanctionable under Rule 11, but it has also set out Rule 11 guidelines specific to patent cases. When the potentially infringing product can be purchased by the patent holder with relative ease, an infringement analysis can be performed, fulfilling the requirements outlined in *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). In other cases, however, the product may not be accessible through regular consumer channels, making it more difficult to determine what is sufficient under Rule 11 for filing an infringement counterclaim.

In the instant dispute, the defendant alleges that it has not filed a counterclaim because it could not do so consistently with Rule 11. When determining whether to amend the pleadings to add a counterclaim after the deadline has passed in the scheduling order, I apply Rule 16's good cause standard. As noted by the Ninth Circuit, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. I **FIND** that the defendant's reason for seeking modification—its concern that doing so would not be consistent with Rule 11—satisfies the good cause standard of Rule 16.

The Rule 11 standard for filing a counterclaim of infringement is unclear for a couple of reasons. First, while the Federal Circuit applies regional circuit law in reviewing Rule 11

7

sanctions, it has also developed requirements for satisfying Rule 11 specific to patent cases, creating a mish-mash of standards. *See Holgate*, 425 F.3d at 676; *View Eng'g, Inc.*, 208 F.3d at 984.  Second, the Federal Circuit's pronouncements regarding Rule 11 in the patent context are fact-specific at best and inconsistent at worst.  For example, the Federal Circuit, in *View Engineering*, set a "bare minimum" for counterclaims of patent infringement that requires the law firm to apply the claims to the accused device. *View Eng'g, Inc.*, 208 F.3d at 986.  However, soon thereafter the Federal Circuit issued a decision, without mention of *View Engineering*, upholding a district court's denial of Rule 11 sanctions where the patent holder did not perform the "bare minimum" analysis described in *View Engineering*. *Hoffmann-La Roche, Inc.*, 213 F.3d at 1359.  These cases demonstrate that determining whether parties comply with Rule 11 is fact-specific and not susceptible to bright-line rules.  Consequently, the defendant had good cause to be concerned about the possibility of Rule 11 sanctions if it filed a counterclaim prior to this time.  Erring on the side of avoiding Rule 11 sanctions at the risk of waiving its counterclaim, the defendant diligently sought discovery of technical documentation to support its claim of infringement but has been unable to obtain it because of the regulations that subject disclosure of this information to approval by third parties.  Consequently, I **FIND** good cause to amend the scheduling order to allow the defendant to amend its answer and file a counterclaim.

      I also **FIND** that amending the pleadings to add the counterclaim is proper under Rule 15. The court should "freely give leave when justice to requires" to amend pleadings. FED. R. CIV. P. 15(a)(3).  In this case, there is no undue delay, bad faith, undue prejudice to the opposing party, or futility of the amendment.  In particular, the plaintiffs are not prejudiced because the counterclaim raises issues identical to those in the plaintiffs' claims.  Both the claims and the

counterclaims require the court to determine whether the plaintiffs' products infringe three of the defendant's patents. The counterclaims do not expand the scope of the suit.

I am also persuaded to grant leave to add the counterclaim because the defendant's counterclaims are compulsory. *See* 6 CHARLES ALAN WRIGHT & ARTHUR P. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1430 (3d ed. 2010). The Federal Circuit has explained that a compulsory counterclaim for patent infringement "ordinarily should not be refused entry." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999).

Having granted the defendant's motion for leave to file amended answer and counterclaim, I now discuss how the case will proceed from here. First, the court encourages the parties to change the tone of its filings. As the defendant recognized, "this Court has neither the time nor the inclination to plow through the 'he said, she said' diatribe." [Docket 60, at 7.] Unfortunately, the "he said, she said" diatribe has continued to permeate both parties' briefings and exhibits. This has been counterproductive to the court's efforts to decide the issues presented to it. Rather, the court's priority is to reach the merits of the dispute in an efficient manner. In addition, the court understands the plaintiffs' need to comply with applicable regulations regarding the disclosure of confidential information, but instructs the plaintiffs to obtain this information with all deliberate speed.

To formulate an amended scheduling order that does not cause any undue delay but also accounts for the difficulties inherent in discovery in the instant dispute, the court **ORDERS** the parties to submit a joint statement that is no longer than three pages, single-spaced, that describes the discovery that has been conducted thus far, the discovery that remains, and summarizes any outstanding discovery disputes. In addition, the plaintiff is **ORDERED** to submit a statement explaining the status of its efforts to obtain approval to disclose technical documentation in this

suit. This statement should include a list in chronological order of the actions it has taken thus far and what remains to be done, with specificity. Both the joint statement and the plaintiffs' statement are **due by March 26, 2012**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   March 15, 2012

Joseph R. Goodwin, Chief Judge