IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


PACIFIC SCIENTIFIC ENERGETIC
MATERIALS COMPANY (ARIZONA) LLC, et al.,

        Plaintiffs,

v.                                           NO. CV-10-02252-PHX-JRG

ENSIGN-BICKFORD AEROSPACE &
DEFENSE COMPANY,

        Defendant.


**MEMORANDUM OPINION AND ORDER**

Pending before the court are the defendant's Motion for Partial Summary Judgment [Docket 97] and the plaintiffs' Motion to Strike Defendant's Motion for Partial Summary Judgment as Unauthorized, or in the Alternative, Plaintiffs' Motion under FRCP 56(D) to Defer Consideration of Defendant's Motion for Partial Summary Judgment [Docket 107]. For the reasons discussed below, the defendant's Motion for Partial Summary Judgment is **DENIED without prejudice** and the plaintiffs' Motion under FRCP 56(D) to Defer Consideration of Defendant's Motion for Partial Summary Judgment is **GRANTED**.

**I.     Introduction**

The defendant moves for summary judgment on the plaintiffs' state law claim for tortious interference with a contract and for summary judgment on the issues of patent validity and

enforceability.  The defendant alleges that the plaintiffs have had an adequate opportunity for discovery and have failed to produce sufficient evidence to raise a genuine issue of material fact.

First, addressing the tortious interference claim, the defendant contends that "Plaintiffs were unable to identify a single customer with whom Defendant interfered, or a single contract with which Defendant interfered, or a single item of 'highly confidential, proprietary or sensitive competitive information' that Defendant allegedly induced a customer to disclose."  (Def.'s Mot. Partial Summ. J. Mem. Points & Authorities [Docket 97], at 3-4.)  Likewise, the defendant alleges that the plaintiffs have failed to produce evidence of the patents' invalidity or unenforceability.  According to the defendant, support for a claim of invalidity must come from information in the public domain, and the conception date and date of reduction to practice are not relevant to the issue of validity.  The defendant urges the court to take into consideration that the plaintiff must present clear and convincing evidence of both invalidity and unenforceability.

Rather than responding to the motion for summary judgment, the plaintiffs filed their motion to strike or defer ruling under 56(d) of the Federal Rules of Civil Procedure.  The plaintiffs represent that the only discovery they have received regarding the tortious interference claim is the December 1, 2011 declaration from Craig Boucher, who wrote the letter that gave rise to the tortious interference claim.  The plaintiffs argue that the court should strike the motion as unauthorized pursuant to Rule 56(b) because the court's dispositive motion deadline in its original scheduling order had been cancelled.  Alternatively, the plaintiffs contend that the motion should be deferred under Rule 56(d).

**II.     Legal Standard**

Because of the entry of the Amended Scheduling Order and the fact that there was no scheduling order in place for a period of time, the court is unwilling to strike the defendant's

motion for summary judgment pursuant to Rule 56(b). Accordingly, I consider whether Rule 56(d) permits the court to defer consideration of the defendant's motion. Rule 56(d) provides: "If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). The Ninth Circuit has explained that in order to defer consideration of a summary judgment motion, the party moving for deferral must make "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *Visa Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). Moreover, the party seeking additional discovery must "proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Id.* at 1129-30.

### III. Analysis

Accompanying the plaintiffs' motion is the Declaration of Michael A. Oblon, counsel for the plaintiffs. The declaration explains that the plaintiffs filed their first set of interrogatories and document requests on June 28, 2011. The first interrogatory requested information about Craig Boucher's letter to the plaintiffs that formed the basis of their tortious interference claim. In response to the interrogatory, the defendant filed eight pages of objections but no substantive information. The defendant served a supplemental response to the first interrogatory on December 2, 2011, after the parties met and conferred, but the response contained objections and no substantive information. Mr. Oblon states that the plaintiffs require the following discovery that they have been unable to obtain: (1) a deposition with Craig Boucher; (2) depositions of

others with knowledge of the facts underlying the statements in Ensign-Bickford's presuit letters to the plaintiffs; and maybe (3) discovery from non-parties. The specific information sought includes: (1) whether the statements made by Ensign-Bickford in pre-suit correspondence were based in fact or were puffery; (2) whether former employees of Pacific Scientific who work for Ensign-Bickford disclosed Pacific Scientific's confidential information to Ensign-Bickford; and (3) whether Ensign-Bickford obtained Pacific Scientific's confidential information from Pacific Scientific's customers.

In his declaration, Mr. Oblon also addresses Pacific Scientific's need for additional discovery to support its claim for invalidity and unenforceability. Specifically, Pacific Scientific contends that its products are based on technology it acquired before the filing date of the defendant's patents, and that the plaintiffs produced documents evidencing the prior development efforts of the acquired technology. The plaintiffs then outline their efforts to obtain discovery from the defendant and the defendant's refusal to produce it. The information sought includes: (1) Ensign-Bickford's claim constructions; and (2) the facts and circumstances regarding conception, reduction to practice of the invention, Ensign-Bickford's first sale or offer for sale of the invention, its knowledge of prior art not cited in the patent, and its contentions regarding the priority date and level of a person of ordinary skill in the art pertaining to the claimed subject matter.

The court **FINDS** that the plaintiffs have shown specified reasons why they cannot present facts essential to justify their opposition to the defendant's motion for partial summary judgment. As mentioned earlier, the basis of the plaintiffs' tortious interference claim is a letter they received from Craig Boucher. That letter states:

> The basis of our concerns is information obtained from customers who have sought either alternatives to PSEMC or who have been in the process of

> considering EBA&D's system or PSEMC's system who understand our patent estate and have expressed that they don't see how it is possible that PSEMC is not in conflict with the EBA&D patent estate as well as information provided in your recent correspondence.

(Decl. Counsel Michael Oblon Supp. Pls.' Resp. Def.'s Mot. Dismiss and/or Transfer to U.S. Dist. Ct. Conn. [Docket 36-9], Ex. H, at 2.)  In support of the defendant's motion for partial summary judgment, Mr. Boucher stated in a declaration that: "The statement in my letter was not based upon any specific information obtained from any specific customer, and was primarily based upon information provided in recent correspondence from Pacific Scientific Energetic Materials Company and publicly available information."  (Statement of Facts [Docket 99-1], Ex. 1, at 3-4.)  Mr. Boucher's declaration also summarily states that: "Ensign-Bickford Aerospace & Defense Company did not induce any customer of Pacific Scientific Energetic Materials Company to breach any known confidentiality agreement that any such customer may have had with Pacific Scientific Energetic Materials Company."  (*Id.* at 4.)  In the court's opinion, Mr. Boucher's declaration does not provide sufficiently definite information regarding the contents of the letter to relieve the defendant from any further discovery pertaining to it.  In addition, the defendant's responses to the plaintiffs' interrogatories elevate form over substance and reflect unwillingness to participate in good faith in the discovery process.  The defendant cannot refuse to cooperate in discovery and then seek summary judgment in its favor because the plaintiffs do not have access to the information that the defendant has not disclosed.

In regard to the invalidity and unenforceability claims, the plaintiffs have identified the specific categories of information that they are seeking from the defendant.  They have further explained why they have been unable to receive this information thus far.  In addition, the court notes that the Amended Scheduling Order sets fact discovery to close on November 22, 2012, and the deadline for summary judgment motions is April 4, 2013.  Accordingly, pursuant to Rule

56(d), the court **GRANTS** the plaintiffs' motion to defer [Docket 107] and **DENIES without prejudice** the defendant's motion for partial summary judgment [Docket 97].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     May 22, 2012

Joseph R. Goodwin, Chief Judge